# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT W. MAHER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-1314-JDT-cgc |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S PENDING MOTIONS

The *pro se* Plaintiff, Robert W. Maher, filed this civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) At the time, Maher was incarcerated at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee.[1] The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) On March 20, 2018, the Court issued an order partially dismissing the complaint and directing that process be served on two Defendants, Dr. Bernhard Dietz and John Borden, the HCCF Health Services Administrator. (ECF No. 47.) The Defendants filed an answer to the complaint on May 16, 2018, (ECF No. 60), and a scheduling order was entered on May 25, 2018. (ECF No. 61.) Maher has since filed numerous motions. The Court will those motions at this time, and the Defendants' motion for summary judgment will be addressed under separate order.

---

[1] On January 24, 2019, Maher notified the Court he had been released from prison and provided his new address. (ECF No. 126.)

In several of Maher's motions, he seek to file additional "evidence" or supplement the alleged facts. (ECF Nos. 49, 51, 52, 57 & 127.) However, the information contained in the motions does not constitute evidence but consists only of additional written statements concerning Maher's ongoing medical problems. To the extent Maher seeks to have his unverified statements treated as actual evidence, the motions are DENIED.

On April 26, 2018, Maher filed a motion to submit an affidavit. (ECF No. 55.) As the attached document is a declaration made under penalty of perjury, (ECF No. 55-1), the Court GRANTS that motion.

Two additional motions to submit "evidence," filed on July 11, 2018, are irrelevant to any issue in this case. (ECF Nos. 70 & 72.) Maher seeks to submit unverified statements about the medical conditions of two other inmates and the inadequate medical treatment they allegedly received at the HCCF. Those motions are DENIED.

Maher filed a motion for sanctions on April 23, 2018. (ECF No. 54.) He stated that he had not yet received an answer to the complaint even though a response was due within twenty-one days. That motion is without merit and is DENIED. The Marshal's return of service shows that Defendants Borden and Dietz were not served with process until April 30, 2018, and May 2, 2018, respectively. (ECF No. 56.) The answer filed on May 16, 2018, was timely.

Maher has filed numerous motions, notices and responses concerning his desire to question eight non-party nurses at the HCCF. (ECF Nos. 53, 64, 66, 71, 73, 77, 78, 80, 81, 84, 85, 110, 113 & 118.) He has asked the Court to compel or issue subpoenas for these potential witnesses to answer his questions, either by written interrogatories or by deposition. The Defendants have responded to some of these motions.

It appears Maher is confused about the term "party" as it is used in the Federal Rules of Civil Procedure, as he seems to believe Rule 33 permits him to require anyone who is a potential witness or who might have information about a claim to answer interrogatories. That is not the case. In legal terms, a "party" in a civil case is an actual litigant, a person who is either suing or being sued; it does not include those who are only witnesses or potential witnesses. Rule 33(a)(1) clearly states that a party may serve interrogatories "on any other *party*." (Emphasis added.) Because the nurses are not parties in this case, Maher may not require them to answer interrogatories, and his motions asking the Court to compel them to do so are DENIED.

Unlike Rule 33, Federal Rule of Civil Procedure 30(a)(1) does allow a party to depose "any *person*, including a party." (Emphasis added.) However, when the party seeking to take the deposition is a prisoner, as Maher was at the time he sought the depositions, there are inherent difficulties in allowing an oral deposition to be conducted, particularly if the proposed deponents are prison employees. (*See* Defendants' Resp. and discussion therein, ECF No. 93 at 2.) Therefore, it is not the practice of this Court to allow prisoners to take depositions.

Furthermore, even though Maher has now been released, he is still proceeding *in forma pauperis* and there is no indication he would be able to pay the associated costs of taking and transcribing several depositions. As explained in *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770 (N.D. Ill. June 26, 1996):

> *Pro se* litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. However, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (*in forma pauperis* statute does not require government to advance funds for deposition expenses); *Toliver v. Cmty. Action Comm'n to Help the Econ.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for *pro se in forma pauperis* plaintiff); *Ronson v.*

3

> *Comm'r of Corr. for State of N.Y.*, 106 F.R.D. 253, 254 (S.D.N.Y. 1985) (indigent prisoner's motion to depose physician at corrections facility denied); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); *Ebenhart v. Power*, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").
>
> The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay, and plaintiff has made no showing that he is able to pay the expenses for the taking of the deposition....

*Id.* at *1, *quoted in Shoucair v. Snacker*, No. 05-40341, 2009 WL 482689, at *1 (E.D. Mich. Feb. 25, 2009); *see also Coates v. Kafczynski*, No. 2:05-CV-3, 2006 WL 416244, at *2-3 (W.D. Mich. Feb. 22, 2006).

For these reasons, Maher's motions to depose the nurses at the HCCF also are DENIED. If this case proceeds to trial, Maher may request trial subpoenas for these potential witnesses at that time if he is prepared to pay the witness fees and mileage required by Federal Rule of Civil Procedure 45(b)(1).

Maher has also filed two motions for sanctions in which he contends the Defendants used HCCF security to intercept legal mail he sent to the eight nurses and asks the Court to impose sanctions for what he believes is tampering with mail and interference with discovery. (ECF No. 74 & 76.) He claims he sent his documents to the nurses via the postal service, but the HCCF mailroom shows the nurses did not receive the documents. He concludes this could only be due to the Defendants' unlawful actions. As Maher's assertions are purely speculative and wholly unsupported, the motions for sanctions are DENIED.

On July 5, 2018, Maher filed a motion to compel the Defendants to more fully answer his interrogatories. (ECF No. 67.) He states only one of the eight interrogatories he submitted was answered—the Defendants responded to the other seven with objections. (*Id.* at 1-2.) In another

motion filed August 8, 2018, Maher again asks the Court to "compel the defendants to not be evasive in answering writtin [sic] interrogatories." (ECF No. 87 at 1.) However, Maher did not, in either motion, quote verbatim or attach copies of each interrogatory and response in dispute, as required by Local Rule 26.1(b)(2)(A)-(B). Moreover, he does not state any specific reasons why he believes each response and objection is improper or incomplete. The Court cannot rule meaningfully on a general argument of, "I don't like the Defendants' answers and objections." The motions to compel are DENIED.

Maher filed a motion to amend the complaint on August 13, 2018, seeking to add Kent Joy and Yvonne Neau as defendants. (ECF No. 90.) He alleges that Joy signed for certified mail Maher sent to Nurse Foster and then turned that mail over to Defendants Borden and Dietz in order to impede the discovery process. With regard to Neau, Maher alleges she falsified documentation showing Maher was transported by van to an outside clinic for a colonoscopy on July 2, 2018. However, Maher claims he never left the HCCF at any time.

These allegations of mail tampering and falsely signing a document are unrelated to the claims for lack of medical care raised in the original complaint. Therefore, these claims and additional defendants would not properly be joined in this action under Federal Rule of Civil Procedure 20. The motion to amend is DENIED.

On August 8, 2018, August 15, 2018, and January 4, 2019, Maher filed what appear to be motions to submit his witness lists for trial. (ECF Nos. 88, 92 & 123.) He filed a similar document on August 31, 2018, simply titled "Plaintiff's Witness List for Trial." (ECF No. 99.) To the extent Maher is simply asking for permission to submit lists of witnesses he intends to call at any trial of this matter, his motions are unnecessary because leave of Court is not required. However, to the extent Maher is seeking the Court's assurance that the witnesses listed will be made available to

him for trial testimony, the motions are not well taken. It will be Maher's responsibility to request any necessary trial subpoenas at the appropriate time and ensure they are properly served. As this case has not been reset for trial, the Court declines to construe the motions as requests for issuance of trial subpoenas. Therefore, the motions are DENIED at this time.[2]

On October 17, 2018, Maher filed a motion to add his left leg, knee and ankle, as well as his right shoulder and arm "into evidence." (ECF No. 112.) The Court is unsure how Maher can offer his actual body parts into evidence, but the motion is DENIED at this time.[3] In addition, on October 26, 2018, Maher filed another motion to submit evidence. (ECF No. 116.) The motion consists of both unverified statements by Maher himself, (*id.* at 1-4), and several pages of what he asserts are medical records from his physician, Dr. Ramprasad. (ECF No. 116-1.) While Maher states he received the medical records from the Defendants during discovery, (ECF No. 119 at 2), the records are not authenticated in any way to verify they are true and accurate copies. The fact that the records were provided by the Defendants during discovery is not sufficient authentication. Therefore, the motion to submit this evidence also is DENIED.

On March 15, 2019, Maher filed a motion asking that the HCCF medical department be required to pay the costs of the current medical treatment he is receiving. (ECF No. 128.) To the extent he seeks an order requiring such payment immediately, the motion is DENIED. It has not yet been determined whether Maher is entitled to relief in this matter.

---

[2] The January 4, 2019, motion also includes several specific questions Maher wants to ask the Defendants and other witnesses. The reason for this is unclear, as Maher can question trial witnesses as he sees fit, subject to the various Federal Rules of Evidence and Procedure and any objections by the Defendants and rulings by the Court.

[3] Maher's motion does not refer to any photographs, x-rays, etc., only his body parts.

Maher's motion to be present at any pre-trial hearings and at the trial, (ECF No. 121), is DENIED as moot because he is no longer incarcerated and will be able to attend any scheduled proceedings on his own. The motion to deny Defendants' motion to continue the trial date, (ECF No. 124), is also DENIED as moot.

In conclusion, Maher's motion to submit an affidavit, docket entry 55, is GRANTED. All other pending motions filed by Maher are DENIED.[4]

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] In order to assist the Clerk in docketing this order, the following docket entries have been DENIED: 49, 51, 52, 53, 54, 57, 64, 66, 67, 70, 71, 72, 73, 74, 76, 78, 81, 84, 85, 87, 88, 90, 92, 110, 112, 116 and 123. Docket entries 121 and 124 are DENIED as moot. Docket entry 55 is GRANTED.